IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEAGEN FLORENCE-CHAVEZ, *individually*;
and *as parent of minor* N.C., *next friend* N.C.;
and RICHARD CHAVEZ,

        Plaintiffs,

v.     1:25-cv-00465-DHU-JMR

NATIONWIDE INSURANCE COMPANY OF AMERICA;
NATIONWIDE AGENT RISK PURCHASING GROUP, INC.
formerly known as ON YOUR SIDE NATIONWIDE INSURANCE
AGENCY, INC.; DYAN MCDOWELL; JACKIE CASSENS;
and JOHN AND JANE DOES 1-10,

        Defendants.

**ORDER DENYING MOTION FOR SERVICE
BY PUBLICATION WITHOUT PREJUDICE**

THIS MATTER is before the Court on Plaintiffs' Motion for Service by Publication to Defendant Jackie Cassens. Doc. 22. No party filed in opposition to the motion. The Court, having reviewed Plaintiffs' submissions and the relevant law, finds the motion is not well taken and DENIES it without prejudice.

The Federal Rules of Civil Procedure permit service of process on an individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* FED. R. CIV. P. 4(e)(1). Plaintiff's claims and arguments are based only on New Mexico law. *See* Doc. 22. The Court will therefore apply the laws of service for New Mexico, where this Court is located.

Under New Mexico law, "the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." Rule 1-004(J) NMRA. But it may only do so if "service cannot reasonably be made as provided" by the methods described in the rest of Rule 1-004. *Id.*

"To meet the fundamental requirements of due process, a plaintiff must undertake a diligent and good faith effort to locate defendants and serve them personally with notice." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶ 26, 388 P.3d 240, 248. "A showing of diligence may be established by demonstrating that the plaintiff made reasonable and good-faith efforts to carefully comply with the procedural steps outlined in the New Mexico Rules of Civil Procedure." *Aaro v. Tri Star Freight Sys., Inc.*, No. CV 24-270 JMR/GBW, 2025 WL 1455952, at *2 (D.N.M. May 21, 2025) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985)). "Notice by publication, then, is proper in some circumstances as a last resort." *T.H. McElvain Oil & Gas Ltd. P'ship*, 2017-NMSC-004, ¶ 28 (citation omitted).

Courts should permit service by publication only after a plaintiff has attempted service through the "hierarchy of mechanisms set out under NMRA 1-004(F)." *Soto v. Village of Milan Police Dep't, et al.*, No. 10cv43 WJ/ACT, 2010 WL 11619168, at *3 (D.N.M. Sept. 17, 2010). "[A] party requesting service by unconventional methods [must] demonstrate that this hierarchy was followed in detail, although the attempts were unsuccessful." *Id.*; *see also Hunt*, 770 F.2d at 147 (due diligence shown by carefully following the procedural steps outlined in the state's rule governing service). New Mexico Rule 1-004(F) provides, in full:

>    (1)     Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:
>       (a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
>       (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.
>
>    (2)     If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
>
>    (3)     If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

Rule 1-004(F) NMRA.

At this time, the Court finds service by publication premature because Plaintiffs have not adequately demonstrated that service "cannot reasonably be made as provided by th[e] rule." *See* Rule 1-004(J) NMRA. Plaintiffs conclusively state that they "have conducted an exhaustive and diligent search to serve Defendant Jackie Cassens, to no avail (as she lives in an extremely remote rural setting)." Doc. 22 at 3. But Plaintiffs do not describe any details of this search. In fact, Plaintiffs describe just one attempt to serve Ms. Cassens—they attempted to personally serve her at 4307 NE Michael Court, Ankeny, Iowa 50021. Doc. 22-1 at 1. But Ms. Cassens has not lived at that address since at least 2022. *Id.* Plaintiffs do not even attempt to argue that they have followed the "hierarchy of mechanisms set out under NMRA 1-004(F)." *See Soto*, 2010

WL 11619168, at *3. Nor do Plaintiffs explain how they searched for Ms. Cassen's address.[1] Plaintiffs have not demonstrated "diligent and good faith effort[s] to locate" Ms. Cassens and personally serve her. *T.H. McElvain Oil*, 2017-NMSC-004, ¶ 26.

Notably, Plaintiffs request to serve Ms. Cassens by publishing a notice in The Des Moines Register, which "is a newspaper of general circulation located in the County of Polk, State of Iowa." Doc. 22 at 5. Yet, this Court has no information that would indicate that Ms. Cassens is even living in Polk County, Iowa at this time.

Finally, Plaintiff notes that defense counsel failed to comply with the Court's oral order to confirm whether he would accept service on Ms. Cassens behalf by July 11, 2025. Doc. 17 ("The Court orders Mr. Brophy to let Mr. Bleus know whether he will accept service for Ms. Cassens before the end of the week."). Despite multiple reminders, defense counsel did not report that he did not have authority to accept service on behalf of Ms. Cassens until August 5, 2025. Counsel is warned that further failures to comply with court orders may result in sanctions. *See* FED. R. CIV. P. 16(f)(1)(C); 37(b)(2).

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

---

[1] Presumably, defendant Nationwide Agent Risk Purchasing Group—as Ms. Cassen's current employer—has Ms. Cassen's current address and contact information, and Plaintiff could obtain that information in the normal course of discovery. *See, e.g.*, FED. R. CIV. P. 26(a)(1)(A)(i) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information."); FED. R. CIV. P. 33 ("Interrogatories to Parties").