IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEAGEN FLORENCE-CHAVEZ, *individually*;
and *as parent of minor* N.C., *next friend* N.C.;
and RICHARD CHAVEZ,

       Plaintiffs,

v.                                     1:25-cv-00465-DHU-JMR

NATIONWIDE INSURANCE COMPANY OF AMERICA;
NATIONWIDE AGENT RISK PURCHASING GROUP, INC.
formerly known as ON YOUR SIDE NATIONWIDE INSURANCE
AGENCY, INC.; DYAN MCDOWELL; JACKIE CASSENS;
and JOHN AND JANE DOES 1-10,

       Defendants.

## **ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL**

THIS MATTER comes before the Court on two motions to compel discovery responses—Plaintiff Meagan Florence-Chavez's Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounded Upon Defendant Nationwide Insurance Company of America (Doc. 25) and Plaintiff Meagan Florence-Chavez's Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounded Upon Defendant Dyan McDowell (Doc. 27). Defendants Nationwide Insurance Company of America and Dyan McDowell filed respective responses to both motions. Docs. 28, 30. Plaintiff Florence-Chavez filed replies. Docs. 31, 33. Having reviewed the briefing, the relevant law, and being otherwise fully advised, the Court will GRANT both motions.

Defendants have waived objections to the subject discovery—save for objections based on attorney-client privilege or another privilege required by law. Defendants Nationwide and McDowell are compelled to respond to the subject discovery by **February 6, 2026**.

## I.    Background

The Court's decision on Plaintiffs' two motions is informed by the attorneys' conduct in this case. Accordingly, the Court provides more background than is typically necessary for a decision on a motion to compel.

On August 4, 2025, Plaintiff Meagen Florence-Chavez sent Defendant Nationwide her First Set of Interrogatories and Request for Production of Documents Propounded Upon Nationwide Insurance Company of America via email to counsel of record (Joseph A. Brophy) and four other email addresses associated with defense counsel's law firm. Docs. 25-1, 31-1. On September 11, 2025, Plaintiff Florence-Chavez similarly sent Defendant McDowell her First Set of Interrogatories and Request for Production of Documents Propounded Upon Defendant Claim Examiner Dyan McDowell via email to counsel of record (also, Joseph A. Brophy) and the same four email addresses associated with defense counsel's law firm. Docs. 27-2, 31-3. Nationwide's discovery responses were due September 5, 2025. Doc. 25 at 7. McDowell's discovery responses were due October 11, 2025. Doc. 27 at 7. Both deadlines came and went without defense counsel responding to, or even acknowledging, Plaintiff Florence Chavez's discovery requests.

After not receiving discovery responses from Nationwide, Plaintiffs' counsel called defense counsel and left a "detailed message, on or around September 8 – 10th, 2025, in an effort to avoid seeking the Court's intervention." Doc. 25 at 2. *But see* Doc. 28 at 2 (Defendant Nationwide disputing that this call occurred). "Subsequently, on September 11, 2025," Plaintiffs' counsel emailed defense counsel "seeking an explanation for the failure to timely respond to

discovery." *Id.* (citing Doc. 25-2). In that email, Plaintiffs' counsel explained that failure to timely respond to discovery constitutes waiver of all objections. Doc. 25-2. Further, Plaintiffs' counsel warned that if Nationwide did not respond to discovery by September 19, 2025, Plaintiff Florence-Chavez would "seek an Order compelling Defendant Nationwide to respond to Plaintiff's discovery, and deeming all objections waived." *Id.* Once again, defense counsel did not respond. On October 22, 2025, Plaintiff Florence-Chavez filed her motion to compel discovery responses against Nationwide.

In turn, after not receiving discovery responses from McDowell, on October 23, 2025, Plaintiffs' counsel—having never received a return call or email regarding Nationwide's discovery—emailed defense counsel about McDowell's missing discovery responses. Doc. 27 at 2–3. In that email, Plaintiffs' counsel once again explained that failure to timely respond to discovery constitutes waiver of all objections. Doc. 27-3. Then, Plaintiffs' counsel warned that if McDowell does not respond to discovery by October 27, 2025, Plaintiffs "will seek an Order compelling Defendant McDowell to respond to Plaintiff's discovery, and deeming all objections waived." *Id.*

On October 27, 2025, the Court held a routine status conference. Doc. 19. During the status conference, the Court expressed significant concern that defense counsel failed to respond to Plaintiff Florence-Chavez's discovery requests entirely.[1] In response to the Court's admonishment, Mr. Brophy stated that he recently learned that, under District of New Mexico case law, Defendants were not required to respond to discovery requests if Plaintiffs exceeded

---

[1] Because the Court did not record this hearing, the Court's recounting of this status conference is based on the Clerk's Minutes (Doc. 26), the Clerk's handwritten notes from the hearing, the Court's independent recollection, and the Clerk's independent recollection. The Court plans to record all future hearings in the case.

3

the number of pre-authorized discovery requests. The Court asked Mr. Brophy, "if his stance is that the Plaintiffs exceeded the discovery parameters, why had he not formally objected to the discovery?" Mr. Brophy argued that under the aforementioned case law he was not required to do so. *But see* Rule 16-304(D) NMRA ("A lawyer shall not . . . fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party."). The Court stated that it was not familiar with any such law, and it would look forward to reviewing the case law in Nationwide's response briefing.

During this status conference, Plaintiffs' counsel also flagged that Defendant McDowell had not responded to discovery. Later, that same day, Plaintiff Florence-Chavez filed her motion to compel discovery as to Defendant McDowell. Doc. 27.

Finally, on October 31, 2025, both Nationwide and McDowell served "responses and objections to discovery." Doc. 28 at 2; Doc. 30 at 3.

Now, in the response briefing filed on October 31st, both Nationwide and McDowell provide a different explanation for why they did not object to Plaintiff Florence-Chavez's discovery requests than that which defense counsel offered at the October 27th status conference. Nationwide and McDowell now state that they did not respond to Plaintiff's discovery requests because of an independent "internal calendaring error[s] on the part of" defense counsel. Doc. 28 at 2; Doc. 30 at 2. Defense counsel states that he "was aware that discovery had been served and that Plaintiff had far exceeded the limits allowed by the Court but missed the deadline [to] object because it was inadvertently not calendared appropriately." *Id.* Defense counsel's explanation in his briefing directly contradicts his representations to the Court on October 27, 2025. *See* Doc. 26. The Court explicitly questioned defense counsel about why he did not respond to Plaintiffs' discovery requests. He responded that he intentionally did not do so because of a belief that he

was not required to under local case law. There was no mention at all of the calendaring oversight he now claims. The Court reminds defense counsel of his duty of candor to the Court. *See, e.g.*, Rule 16-303(A)(1) NMRA ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.").

In her replies, Plaintiff Florence-Chavez questions the veracity of Defendants' miscalendaring excuse. Doc. 31 at 2–6; Doc. 33 at 2–8. Plaintiff argues that "even if the problem emanated from an 'internal calendaring error on the part of the undersigned' (Mr. Brophy), this does not explain away the fact that four (4) other individuals at opposing counsel's office received Plaintiffs' discovery packet (but still failed to respond in any manner)." Doc. 31 at 3; *see also* Doc. 33 at 7. Plaintiff Florence-Chavez also explains that the September 11, 2025, email to defense counsel "specifically <u>alerted</u> Defendants that the Nationwide discovery was grossly overdue." Doc. 31 at 4 (citing Doc. 25-2). "Surely, by the date of this e-mail from counsel for Plaintiffs (September 11, 2025), 'opposing counsel's internal calendaring issue' would have been identified and Defendant Nationwide should have attempted to take measures to either meet its discovery obligations (at that time), and/or attempt to mitigate the damage (and prejudice) done by the missing and overdue discovery responses . . . ." *Id.* The Court makes no finding as to why Nationwide and McDowell failed to respond to Plaintiffs' discovery; it only notes that defense counsel has provided Plaintiffs and the Court two incompatible explanations.

Next, the Court turns to the telephone communication between the parties. Plaintiffs' counsel asserts that between November 13, 2024, the date the case was filed (Doc. 1-3), through the filing of Plaintiffs' motion to compel Nationwide on October 22, 2025 (Doc. 25), defense counsel never called him. *See, e.g.*, Doc. 31 at 6. Nevertheless, before defense counsel filed the

response to Plaintiffs' motion to compel McDowell, defense counsel asserts he "left a total of four messages with Plaintiff's office . . . [on] November 5, 6, 7 and 10." Doc. 30 at 3 n.2. Defense counsel goes on to say that "Plaintiff returned one of those messages on a Saturday when the undersigned was not in the office." *Id.* But otherwise, defense counsel states, Plaintiffs' counsel "neglected to call" him. *Id.* at 3. In rebuttal to defense counsel's claim, Plaintiffs' counsel attached his phone logs to the reply briefing. Doc. 33-1. The phone logs show that Plaintiffs' counsel returned defense counsel's calls on November 6, 8, and five times on November 10th. *Id.* Based on this documentation, the Court finds that Plaintiffs' counsel did not "neglect" to return defense counsel's call.

In a similar vein, defense counsel also disputes Plaintiffs' counsel's assertion that he left a "detailed message, on or around September 8 – 10th, 2025" to discuss Nationwide's non-responsiveness. Doc. 25 at 2. Nationwide unambiguously states: "Plaintiff's counsel never left any voicemails for the undersigned regarding this matter. . . ." Doc. 28 at 3. Notably, Plaintiffs' counsel has not provided any phone records relating to this alleged voicemail. Nonetheless, defense counsel's credibility is questionable in light of his prior inconsistent statements. Still, the Court's decision below would not change regardless of whether or not Plaintiffs' counsel, in fact, left this September voicemail.

Finally, the Court must note that defense counsel has already been warned that he may be sanctioned for misconduct in this case, albeit under different circumstances. Doc. 24 at 4. Throughout litigation, Plaintiffs have had difficulty locating a service address for defendant Jackie Cassens. *See*, *e.g.*, Doc. 22 (Motion for Service by Publication). Upon learning that defendant Cassens was a current employee of Defendant Nationwide and would be represented by Nationwide's defense counsel in this case, the Court ordered defense counsel to inform

6

Plaintiffs' counsel whether he would accept service on Ms. Cassens behalf by July 11, 2025. Doc. 17 at 2. Defense counsel did not comply with the Court's order. *See* Doc. 24 at 4 (noting the same). Counsel for both parties exchanged emails where Plaintiffs "*repeatedly* inquired whether Defendant's [sic] counsel would accept service on Defendant Jackie Cassens's behalf." Doc. 22 at 2. It was not until August 5, 2025, when Plaintiffs' counsel asked for a position on their motion requesting to serve Ms. Cassens by publication, that defense counsel responded via email stating, "I do not have authority to accept service on behalf of Ms. Cassens, so go ahead and file the motion to serve by publication." *Id.* at 3 n.2. In the order denying Plaintiffs' motion for service by publication, the Court warned defense counsel that "further failures to comply with court orders may result in sanctions." Doc. 24 at 4. The Court also noted that Nationwide likely should have provided Ms. Cassens contact information to Plaintiffs in its initial disclosures. *Id.* at 4 n.1. Seemingly, as of December 5, 2025, defense counsel has received authorization to accept service on Ms. Cassens's behalf. Doc. 35.

In sum, Defendants in this case have a history of being less than cooperative in moving this case forward—occasionally in ways that they are legally entitled to be (*e.g.*, declining to waive service) and occasionally in ways that they are not (*e.g.*, failing to comply with a court order).

## II.    Relevant Law

The power to compel discovery responses is derived from Federal Rule of Civil Procedure 37(a). FED. R. CIV. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). The Court may compel a party to respond to discovery when "a party fails to answer an interrogatory submitted under Rule 33" or when "a party fails to produce documents or fails to respond that inspection will be

permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For interrogatories, the failure to object in a timely manner constitutes waiver of objections. FED. R. CIV. P. 33(b)(4). "While Rule 34 [Requests for Production] does not contain an explicit provision stating that failure to serve timely objections to requests for production results in a waiver of those objections, courts have held that such a waiver is implied." *Brunson v. McCorkle*, No. 11CV1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) (string citation omitted).

A district court undoubtedly has discretion to sanction a party for . . . failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry. . . ." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In severe cases, Federal Rules of Civil Procedure "37(b)(2)(C) and 37(d) permit a court to enter a default judgment against a party who fails to obey an order to provide discovery or who fails to respond to interrogatories or requests for production." *F.D.I.C. v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992) (citing *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987))."

When a motion to compel discovery is granted, or discovery is provided after the motion is filed, the Court "must" order the party or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, the Court may not award fees when:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The Court notes that an attorney's fees award under Rule 37(a)(5)(A) is distinct from a monetary sanction under Rule 37(b)(2)(C). "Discovery misconduct often may be seen as tactically advantageous at first. But just as our good and bad deeds eventually tend to catch up with us, so do discovery machinations. Or at least that's what Rule 37 seeks to ensure." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011).

## III.    Discussion

The Court finds that Defendants Nationwide and McDowell have waived objections to the subject discovery and compels them to respond. *Infra* § III(A). The Court finds that, under the circumstances, Plaintiffs' counsel reasonably attempted to meet and confer with the Defendants. *Infra* § III(B). Plaintiff Florence-Chavez's propounded discovery requests are facially not too burdensome or too numerous for Defendants to answer. *Infra* § III(C). Finally, Defendants must pay Plaintiff Florence-Chavez's attorney's fees for the costs associated with both motions. *Infra* § III(D).

Because the parties make largely the same arguments in both motions, and the Court's decision on both motions turns on the same facts, the Court does not analyze each motion separately.[2] The Court specifically notes when there is a material difference between the motions.

### A.  Nationwide and McDowell have waived objections to the subject discovery, and the Court compels them to respond.

While there are many facts that color the Court's opinion, the dispositive facts are simple. Both Nationwide and McDowell failed to respond to discovery until after Plaintiff Florence-Chavez filed her respective motions to compel. The Court does not believe that either Defendant

---

[2] In fact, the Court finds that the context of the first motion is necessary for its decision on the second motion.

had a sufficient justification for failing to respond. Accordingly, both Defendants have waived all objections to Plaintiff Florence-Chavez's First Set of Interrogatories and Request for Production of Documents. FED. R. CIV. P. 33(b)(4); *Brunson*, 2013 WL 12333491, at *1.

Unless the responsive information is protected by attorney-client privilege or another privilege required by law, the Court compels Nationwide and McDowell to fully respond to Plaintiff Florence-Chavez's First Set of Interrogatories and Request for Production of Documents that were propounded to them. As required by the Federal Rules of Civil Procedure, when Nationwide and McDowell are withholding information based on an assertion of privilege, they must formally say so in their discovery responses and provide a privilege log. FED. R. CIV. P. 26(b)(5)(A).

### B. Plaintiffs made a reasonable, good faith effort to attempt to confer with Defendants.

Defendants Nationwide and McDowell argue that Plaintiffs' counsel failed to adequately meet and confer before filing this motion. Doc. 28 at 2–4; 30 at 3–5. Defendants explain that, based on the Court's Scheduling Order, Plaintiffs' counsel was required to meet with defense counsel in person or speak on the phone before filing the two subject motions. Doc. 28 at 3; Doc. 30 at 3–4. Plaintiffs reply that under the "totality of the circumstances," counsel have adequately met and conferred. Doc. 31 at 6–9; Doc. 33 at 5–8. The Court agrees with Plaintiffs that, under the circumstances, Plaintiffs' counsel made a reasonable, good faith effort to confer with counsel for Defendants.

As detailed in the Background section, the parties disagree as to the scope of Plaintiffs' counsel's efforts to meet and confer. In Plaintiffs' version of events, Defendants have stonewalled Plaintiffs for the duration of this litigation—or at least until the first motion to compel discovery responses was filed. Defendants respond arguing that Plaintiffs have not made

10

the efforts to reach out to Defendants that they claim. Neither party claims that they have been in active communication with each other. Thus, implicit to Defendants' argument is the idea that both sides have neglected their duties to communicate with one another.

Plaintiffs assert that "since the inception of litigation, counsel for Defendant Nationwide has never contacted counsel herein prior to the filing of Plaintiffs' motions." Doc. 31 at 6. Based on the record, Plaintiffs' assertion is hyperbolic—but perhaps not by much. The Court is aware of at least two circumstances where the attorneys for both sides were in contact. First, the parties met and conferred to prepare the Amended Joint Status Report and Provisional Discovery Plan. Doc. 16 at 1. Second, in prior motion practice, Plaintiffs attached an email exchange between counsel for both sides. Doc. 22-3. Notably, however, in both documented interactions, Plaintiffs' counsel reached out to defense counsel, and defense counsel was quite difficult to pin down. For example, the Court ordered the parties to meet and confer "to formulate a provisional discovery plan." Doc. 6 at 1. Plaintiffs' counsel reached out to defense counsel, but defense counsel did not respond, eventually forcing Plaintiffs' counsel to file a one-sided Joint Status Report and Provisional Discovery Plan (Doc. 10). *See* Doc. 14. Because the parties had not conferred, the Court delayed the scheduling conference and ordered the parties to meet and confer that same day, which they did. *Id.* As a second example, the Court ordered defense counsel to communicate, one way or another, whether he would accept service on behalf of defendant Jackie Cassens by a date certain. But he did not do so until Plaintiffs threatened to, and ultimately did, file a motion for service by publication. Doc. 24 at 4. Along the way, Plaintiffs' counsel repeatedly emailed defense counsel reminding him of the Court's order. With these two examples as background, it is not difficult for the Court to believe that defense counsel has been similarly difficult to contact regarding Nationwide and McDowell's discovery responses.

11

At a minimum, it is undisputed that on September 11, 2025, Plaintiffs' counsel emailed defense counsel regarding Nationwide's total failure to respond to discovery. Doc. 25-2. And on October 23, 2025, Plaintiffs' counsel sent a similar email regarding McDowell's total failure to respond to discovery. Doc. 27-3. Defense counsel did not respond to either email or otherwise attempt to contact Plaintiffs' counsel regarding either email.

Defense counsel argues that Plaintiffs' counsel's two emails, one for each Defendant, were insufficient. Doc. 28 at 3-4; Doc. 30 at 4–5. Defendants point to district court case law holding that "one letter requesting supplemental discovery fails to comply with Rule 37's requirement to confer." *Am. Mech. Sols., L.L.C. v. Northland Process Piping, Inc.*, No. 13CV-1062 MV/SCY, 2015 WL 11004498, at *2 (D.N.M. Jan. 6, 2015) (string citation omitted). But this case is easily distinguished from *American Mechanical Solutions* and every case that it cites because Defendants here completely failed to respond to discovery, as opposed to properly serving objections; did not respond to Plaintiffs' counsel's email regarding the failure to respond; and have a history of non-responsiveness in other contexts in this same case. *See id.*; *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003); *Shuffle Master v. Progressive Games*, 170 F.R.D. 166 (D. Nev. 1996); *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995); *Ballou v. University of Kan. Medical Ctr.*, 159 F.R.D. 558, 560 (D. Kan. 1994). Certainly, Plaintiffs' counsel could have made further attempts to contact defense counsel regarding the discovery responses. However, requiring Plaintiffs to do so would be Sisyphean. It is clear from context that Defendants were not going to respond to or cooperate with Plaintiffs until a motion was filed or a Court ordered them to respond.

Defendants also argue that, based on the language in the Court's Scheduling Order (Doc. 18), Plaintiffs were required to confer with them in person or on the telephone. The Court disagrees. Defendants point to the following paragraph from the Scheduling Order.

> The Court will not entertain any motion to resolve a discovery dispute pursuant to FED. R. CIV. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to FED. R. CIV. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion. Every certification required by FED. R. CIV. P. 26(c) and 37 and the rules related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

Doc. 18 at 3. Yet, it is clear that Plaintiffs' counsel made the "reasonable effort to confer" as required, and Defense counsel did not. Defense counsel will not be permitted to ignore the rules and orders of this Court but thereafter argue for the rules' strict enforcement when it suddenly serves his position. The Court finds that Defendants' failure to acknowledge Plaintiffs, after also failing to respond or object to their discovery requests is an "exceptional circumstance" that excuses Plaintiffs from having to confer with Defendants telephonically or in person.

Under the circumstances, the Court finds that Plaintiffs' counsel made reasonable, good faith attempts to confer with Defendants.

### C. Plaintiffs' discovery requests are not facially overly burdensome or too numerous for Defendants to answer.

Nationwide and McDowell further argue that they should not be compelled to fully respond to Plaintiff Florence-Chavez's discovery requests. Doc. 28 at 4–12; Doc. 30 at 6–15. Both Defendants argue that Plaintiff Florence-Chavez's first set of discovery requests are too numerous for the Court to compel responses. The Court disagrees.

13

As to Nationwide, Plaintiffs assert that Florence-Chavez submitted 30 interrogatories and 46 requests for production. Doc. 25-1. Nationwide argues that, including subparts, "Plaintiff has propounded 127 separate interrogatories and 68 requests for production," to it. Doc. 28 at 6. As to McDowell, Plaintiffs assert that Florence-Chavez submitted 48 interrogatories and 48 requests for production. Doc. 27-2. McDowell argues that, including subparts, "the total number of interrogatories propounded to her are 156 and the total number of requests for production of documents are 55." Doc. 30 at 6.

Defendants have significantly overstated the number of discovery requests that Plaintiff Florence-Chavez propounded. As Defendants themselves explain, a sub-part does not inherently count as a standalone discovery request. Doc. 28 at 5; Doc. 30 at 7. "To be considered a valid subpart rather than a separate interrogatory, a question must . . . logically and factually relate to the primary question rather than constitute a separate area of inquiry." *United States v. Copar Pumice Co., Inc.*, No. CV 09-1201 JAP/KBM, 2012 WL 12906500, at *1 (D.N.M. Oct. 5, 2012). Defendants have seemingly counted every single sub-part of Plaintiff Florence-Chavez's discovery requests as if they were a discrete question. This is plainly improper.

Even though the discovery requests are imperfect, Defendants have waived objections to them. *See* FED. R. CIV. P. 33(b)(4); *Brunson*, 2013 WL 12333491, at *1. The Court agrees with Plaintiffs that "[t]he procedural rules are clear and straightforward." Doc. 31 at 10. "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* (emphasis omitted) (quoting FED. R. CIV. P. 33(b)(4)); *see also* Doc. 33 at 10–11. The Court has reviewed the subject discovery requests (Doc. 25-1; Doc. 27-2). Undoubtedly, some requests are compound. *See, e.g.*, Doc. 25-1 at 10 (Interrogatory 6 to Defendant Nationwide). But not nearly

14

as many as Defendants now claim. The Court does not believe that Defendants will be unduly burdened by fully responding to the requests. Nor does the Court believe that the requests are excessive.

Regarding numerosity, Defendant McDowell misrepresents the numerical limitations to discovery that the parties agreed to. Defendant McDowell states: "The Scheduling Order in this matter granted Plaintiff the ability to serve 50 interrogatories and 50 requests for production *total*." Doc. 30 at 14. This is incorrect. The Scheduling Order specifically authorized a "Maximum of 50 Interrogatories *by each party to any other party*" and a "Maximum of 50 Requests for Production *by each party to any other party*." Doc. 18 at 1 (emphasis added). Defendant McDowell ignores the last clause of the Court's order arguing: "This allotted Plaintiff Meagan Florence-Chavez 50 interrogatories and 50 requests for production to divvy up amongst the Defendants." Doc. 30 at 6. By the order's plain language, any given plaintiff could serve any given defendant with up to 50 interrogatories and 50 requests for production. The issue of how discovery instruments would be counted was explicitly discussed at the scheduling conference. *See* Doc. 17. The Clerk's Minutes even note "that plaintiff Meagan Florence-Chavez will be counted as two parties because she is suing on behalf of herself and her minor child" for the purposes of counting discovery instruments. *Id.* at 2. Therefore, with three plaintiffs, any given defendant could expect to receive up to three sets of 50 interrogatories and three sets of 50 requests for production, or up to 150 interrogatories and 150 requests for production—as agreed to by the parties.

Defendants argue that it is "well settled law in this jurisdiction that when a party has propounded discovery requests that exceed the numerical limit on discovery (including discrete subparts), the party upon whom the discovery has been propounded is instructed to refrain from

15

responding to any of the discovery requests, lest that party waive its supernumerary objection." Doc. 28 at 9; Doc. 30 at 11. Defendants misrepresent the law in two ways. First, the law is certainly not "well settled" on this issue. *See, e.g.*, *Bindner v. Traub*, No. CV 21-492 GBW/SCY, 2022 WL 2390724, at *6 (D.N.M. July 1, 2022) ("The District of New Mexico, however, has conflicting guidance about how the answering party should respond" when the propounding party exceeds numerical discovery limits) (citing *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) and *Equal Emp. Opportunity Comm'n v. New Mexico, Corr. Dep't*, No. CV 15-879 KG/KK, 2016 WL 9777238, at *3 (D.N.M. Sept. 30, 2016)). Even in *EEOC*, a case Defendants rely on, the Court instructed, "[i]n [the] future, should a party to this matter believe that a supernumerary objection is warranted, that party is instructed to 'either seek a protective order and not answer the requests at issue[,] or answer up to the numerical limit and object to the remaining requests without answering.'" *EEOC*, 2016 WL 9777238, at *3 (quoting *Lowery v. Cnty. of Riley*, No. 04–3101–JTM–DWB, 2009 WL 648928, at *3 (D. Kan. Mar. 12, 2009)). Second, even the cases that Defendants cite that condone a party refraining from answering any discovery because the propounding party exceeded numerical limitations still require the responding party to object. *EEOC*, 2016 WL 9777238, at *2 ("Plaintiff objected that many of these interrogatories contain 'discrete subparts which should be counted separately.'"); *Allahverdi*, 228 F.R.D. at 698 ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be[en] propounded should object to all interrogatories or file a motion for protective order."); *Coyne v. Los Alamos Nat'l Sec., LLC*, No. CV 15-0054 SCY/KBM, 2016 WL 10591983, at *3 (D.N.M. Feb. 29, 2016) ("Defendant was free to move for a protective order regarding the number of interrogatories prior to answering them, or to object to all of the interrogatories."). None of the cases Defendants cite authorize a

responding party to *completely ignore* the propounding party. Nor do these cases imply that such conduct is appropriate. Defendants have not provided a reasonable, legal justification for their inaction.

Finally, as a safeguard, the Court is willing to entertain a motion for protective order relating to discrete interrogatories or requests for production from the compelled discovery. Alternatively, the parties may jointly request an informal discovery conference. But Defendants may only file a motion for protective order or request an informal conference if (1) the parties have meaningfully conferred to discuss limiting the relevant interrogatory or request, and (2) after that conference, the parties are still unable to reach an agreement. The Court will not accept blanket arguments regarding the discovery requests because Defendants have already been compelled to respond and are now required to do so.

### D. The Court awards Plaintiff Florence-Chavez attorney's fees but declines to sanction Defendants at this time.

Plaintiff Florence-Chavez is entitled to attorney's fees because the Court granted both of her motions. FED. R. CIV. P. 37(a)(5)(A). As discussed above, the Court finds that Plaintiffs' counsel did attempt in good faith to obtain the discovery without court action. *See* FED. R. CIV. P. 37(a)(5)(A)(i). Defendants' non-responsiveness was not substantially justified. *See* FED. R. CIV. P. 37(a)(5)(A)(ii). And the Court does not believe that other circumstances make an award of expenses unjust. *See* FED. R. CIV. P. 37(a)(5)(A)(iii). Thus, Plaintiff Florence-Chavez is entitled to recover the costs associated with both motions.

In both motions, Plaintiff Florence-Chavez repeatedly request that the Court issue "sanctions pursuant to pursuant to Fed. R. Civ. P. 37(a)(5)(A)." Doc. 25 at 1; Doc. 27 at 1. However, an attorney's fees award under Rule 37(a)(5)(A) is distinct from a monetary sanction under Rule 37(b)(2)(C). While an attorney's fees award may feel punitive, it is not a sanction.

The Court declines to formally sanction Defendants and defense counsel at this time. The record plainly shows that defense counsel has been less than forthright with the Court. The extent of which is not entirely clear. However, the Court will afford defense counsel the opportunity to be more candid and diligent in the future. The Court expects that defense counsel will remain in utmost compliance with the federal and local rules and maintain a spirit of cooperation with Plaintiffs' counsel for the remainder of this litigation.

## IV.    Conclusion

Plaintiff Meagan Florence-Chavez's Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounded Upon Defendant Nationwide Insurance Company of America (Doc. 25) and Plaintiff Meagan Florence-Chavez's Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounded Upon Defendant Dyan McDowell (Doc. 27) are hereby GRANTED. Defendants have waived objections to the subject discovery—save for objections based on attorney-client privilege or another privilege required by law. Nationwide and McDowell are compelled to fully respond to the subject discovery. Nationwide and McDowells' amended discovery responses are due **February 6, 2026.**

Plaintiff Florence-Chavez is awarded attorney's fees. The application for attorney's fees is due **January 30, 2026**. Defendants' objections, if any, to the reasonableness (not to the award) of the fees is due **fourteen (14) days** after Plaintiff Florence-Chavez's application is filed.

JENNIFER M. ROZZONI
United States Magistrate Judge

18