IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEAGEN FLORENCE-CHAVEZ, *individually*;
and *as parent of minor* N.C., *next friend* N.C.;
and RICHARD CHAVEZ,

       Plaintiffs,

v.                                                                   1:25-cv-00465-DHU-JMR

NATIONWIDE INSURANCE COMPANY OF AMERICA;
NATIONWIDE SALES SOLUTIONS, INC.;
DYAN MCDOWELL; JACKIE CASSENS;
and JOHN AND JANE DOES 1-10,

       Defendants.

## ORDER GRANTING APPLICATION FOR ATTORNEY FEES

THIS MATTER is before the Court on Plaintiffs' Application for Court-Ordered Attorney Fees Regarding Plaintiffs' Two Motions to Compel with Supporting Affidavits. Doc. 42. Plaintiff filed an erratum to the application. Doc. 43. Defendants Nationwide Insurance Company of America and Dyan McDowell filed objections. Doc. 46. Plaintiffs filed a reply to the objections. Doc. 53. Having reviewed the briefing and the relevant law, the Court awards Plaintiffs $8,480.85 in attorney fees. Defendants Nationwide and McDowell are ordered to pay Plaintiffs by **June 29, 2026**, absent a written motion showing good cause for an extension.

On December 30, 2025, the Court granted Plaintiffs' two motions to compel discovery responses—Plaintiff Meagan Florence-Chavez's Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounded Upon Defendant Nationwide Insurance Company of America (Doc. 25) and Plaintiff Meagan Florence-Chavez's Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounded Upon Defendant Dyan McDowell (Doc. 27). Doc. 39.

Because the motions were granted, the Court ordered Defendants McDowell and Nationwide "to the pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

Plaintiffs request a total award of $8,480.85. Doc. 42 at 4. Two attorneys worked on the motions to compel, George A. Bleus and Diane P. Donaghy. *Id.* at 2. Mr. Bleus requests to be paid $350/hour for 14.2 hours of work. Doc. 42-1. Ms. Donaghy requests to be paid $300/hour for 9.7 hours of work. Doc. 43-1. They also request to be paid the 7.625% New Mexico Gross Receipts Tax. Doc. 42 at 4. Mr. Bleus does not request to be compensated for "incidental time" that he "spent reviewing emails relating to these discovery disputes, or time spent strategizing and discussing these discovery disputes with attorney Diane P. Donaghy." Doc. 42-1 at 4 (emphasis omitted). Similarly, Ms. Donaghy does not request to be compensated for "incidental time" that she "spent discussing these discovery disputes with lead counsel, George Anthony Bleus, Esq." Doc. 43-1.

Defendants object to "the unnecessary duplication of efforts between Attorney Bleus and Attorney Donaghy with respect to briefing the motions to compel, as well as Plaintiff's counsel billing for drafting two separate motions when both motions are nearly identical." Doc. 46 at 1–2. Defendants do not object to the attorneys' hourly rates. *Id.* Defendants do not respond to Plaintiffs' request to be awarded New Mexico Gross Receipts Tax. *See Green v. S. Cent. Colfax Cnty. Special Hosp. Dist.*, No. 1:25-CV-00304-JMR-LF, 2025 WL 3642004, at *5 (D.N.M. Dec. 16, 2025) ("[F]ailure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument.") (*citing Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1168 n.6 (D.N.M. 2021)).

In arriving at a particular award, the court must independently analyze the reasonableness

2

of requested attorney's fees. *See King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (reviewing an award of fees as a Rule 11 sanction); *see also Miller v. Paschall Trucklines, LLC*, No. 20cv303 GBW-SCY, 2021 WL 919868 at *1 (D.N.M. March 10, 2021) (reviewing Rule 37(a)(5)(A) fee award for reasonableness); *Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 757154, at *2 (D. Kan. Feb. 23, 2024) (same); *Carraro v. Allstate Ins. Co.*, No. 1:21-CV-00646-JCH-LF, 2022 WL 19927884, at *2 (D.N.M. June 21, 2022) (same). To determine whether requested fees are reasonable in this context, the court relies on the lodestar method—multiplying the hours counsel reasonably spent working on the motion to compel by a reasonable hourly rate. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation and citation omitted).

The burden is on the applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quotation and citation omitted). "To meet that burden, we require that lawyers keep meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (quoting *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir. 1983)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (quotation and citation omitted).

The Court finds that Plaintiffs requested fees at a reasonable hourly rate and for a reasonable amount of time.

Plaintiffs' attorneys requested to be paid at a reasonable hourly rate for New Mexico. Mr. Bleus's hourly rate of $350 is quite reasonable. *See XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-

1021 JB/SCY, 2016 WL 5376322, at *14 (D.N.M. Aug. 22, 2016) (finding that $350 was a reasonable rate for a "very experienced partner" in a complex insurance action); *Griego v. United States*, No. CV 16-475 JCH/SCY, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (finding that $350 was a reasonable rate for an attorney with "roughly 17 years of experience"). Mr. Bleus has approximately twenty-eight years of legal experience including extensive experience litigating insurance claims. Doc. 42-1 at 2–3. He has been the sole proprietor of his own law firm since 2004. *Id.* at 2. He is also the lead attorney on this case. Doc. 42 at 2. Ms. Donaghy's hourly rate of $300 is also quite reasonable. Ms. Donaghy has approximately forty years of legal experience including a judicial clerkship and eight years specializing in bad faith litigation. Doc. 43-1 at 2–3. Notably, Defendants do not contest that the rates are reasonable.

The Court finds that the two attorneys spent a reasonable amount of time preparing the two motions to compel. Particularly, 14.2 hours for Mr. Bleus and 9.7 hours for Ms. Donaghy is reasonable for two motions to compel discovery. *See Long v. E. New Mexico Univ. Bd. of Regents*, No. 13-CV-0380 RB/SMV, 2014 WL 12787911, at *3 (D.N.M. Sept. 17, 2014) (finding 20.75 hours reasonable for one motion to compel); *Barker v. GR Inv. Grp. LLC*, No. 1:23-CV-0332 SCY/DLM, 2024 WL 5381499, at *3 (D.N.M. July 10, 2024) (finding 29.1 hours reasonable for one motion to compel). As Plaintiff argues:

> Plaintiffs' Motion to Compel against Defendant Nationwide Insurance [Doc. 25] consisted of eleven (11) pages of text, including citation to various cases and applicable procedural rules, and the related Reply consisted of twelve (12) pages of text, including citation to various cases and applicable procedural rules.

Doc. 42 at 2. Plaintiffs' motion to compel against Defendant McDowell and the reply were nearly identical to the Nationwide motion and reply, which decreased the reasonable amount of time one could spend on the McDowell motion. Doc. 42-1 at 4-5; Doc. 42-2 at 3-4. The billing

reflects such a reduction. *Id*. The two attorneys provided the Court with detailed time records describing the "hours for which compensation is requested and how those hours were allotted to specific tasks." *Jane L.*, 61 F.3d at 1510. Having reviewed the attorneys' time records, the Court finds that they each spent a reasonable amount of time on each task.

Defendants' chief complaint is that Plaintiffs' counsel did not divide the work in the most efficient manner. For example, Defendants argue that it was "unreasonable for both attorneys to bill for the drafting and revision of both replies—either Attorney Bleus or Attorney Donaghy should have been responsible alone for handling both motions, including the replies." Doc. 46 at 4. Defendant argues that this is the type of "duplicative" billing that may not be claimed in an attorney fee award. *Jane L.*, 61 F.3d at 1510. The Court disagrees. Plaintiffs are entitled to "reasonable expenses incurred in making the motion," which includes the expenses incurred by two attorneys working on this case. *See* FED. R. CIV. P. 37(a)(5)(A). Plaintiffs explain that the two attorneys are working collaboratively on this case, which leads to an ultimate benefit to their client. *See* Doc. 53 at 3. It is not unreasonable for more than one attorney to work on the same project to aid in crafting the argument, revising, proof-reading, etc. While perhaps counsel could have been more efficient in their division of work, the law does not require maximum efficiency. Instead, the law requires that the billed hours are not "excessive, redundant, or otherwise unnecessary." *Jane L.*, 61 F.3d at 1510. Here, the hours each attorney billed were not "excessive, redundant, or otherwise unnecessary." *See id.*

Specifically, Defendants complain about the time Ms. Donaghy spent drafting the second motion to compel. Defendants explain:

> [T]he affidavits submitted by Attorney Bleus and Attorney Donaghy demonstrate that Attorney Bleus drafted the original motion to compel filed against Nationwide, billing 5.2 hours at his rate of $350 per hour to do so. [Doc. 42., Ex. 1] Several days

> later, Attorney Donaghy billed 3.5 hours at her rate of $300 per hour to essentially draft two factual paragraphs (the first two pages), change names and dates in the remaining 11 pages, and draft a new single paragraph conclusion. [Doc. 42., Ex. 2]. While it is certainly acceptable for law firms to re-use draft pleadings, it is unreasonable to bill several hours to copy and paste a draft pleading and add a few paragraphs.

Doc. 46 at 3–4. The Court disagrees that Ms. Donaghy spent an unreasonable amount of time drafting the motion to compel against Defendant McDowell. While the substantive changes between the McDowell motion and the Nationwide motion were not significant, the McDowell motion did need to be modified in a manner that made sense for the different procedural posture of the McDowell discovery. Making such changes necessarily required Ms. Donaghy to familiarize herself with Mr. Bleus's draft of the Nationwide motion, meaningfully consider what should be adjusted, and ensure that the cited law was still applicable to Defendant McDowell. Some time is required to make such changes. The Court finds that 3.5 hours was a reasonable amount of time for Ms. Donaghy to review, analyze, and make the changes between the Nationwide motion and the McDowell motion.

Finally, Defendant did not object to Plaintiffs' claim for New Mexico Gross Receipts Tax. *See Green*, 2025 WL 3642004, at *5. "[G]ross receipts tax payments are not attorney's fees. Instead, they are a tax on a fee." *Shaw v. United States*, No. CIV 17-0147 JB/LF, 2018 WL 3598513, at *7 (D.N.M. July 26, 2018). Nonetheless, "[t]he New Mexico Gross Receipts Tax is required by state law and may be included as part of plaintiffs' attorney's fee award." *Olivo v. Crawford Chevrolet Inc.*, 526 F. App'x 852, 856 (10th Cir. 2013) (citation omitted) (regarding a fee award under 29 U.S.C. § 216(b)). As such, the Court will award the New Mexico Gross Receipts Tax as an expense incurred in making the motion to compel. *See* FED. R. CIV. P. 37(a)(5)(A); *Barker v. GR Inv. Grp. LLC*, No. 1:23-CV-0332 SCY/DLM, 2024 WL 5381499, at

*4 (D.N.M. July 10, 2024) (also awarding New Mexico Gross Receipts Tax on a Rule 37(a)(5)(A) fee award).

Plaintiffs' application for $8,480.85 fee award is approved. Doc. 42. Defendants Nationwide and McDowell are ordered to pay Plaintiffs by **June 29, 2026**, absent a written motion showing good cause for an extension.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge