IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEAGEN FLORENCE-CHAVEZ, *individually*;
and *as parent of minor* N.C., *next friend* N.C.;
and RICHARD CHAVEZ,

      Plaintiffs,

v.                                                                      1:25-cv-00465-DHU-JMR

NATIONWIDE INSURANCE COMPANY OF AMERICA;
NATIONWIDE SALES SOLUTIONS, INC.;
DYAN MCDOWELL; JACKIE CASSENS;
and JOHN AND JANE DOES 1-10,

      Defendants.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME

THIS MATTER comes before the Court on Plaintiffs' Motion for Extension/Modification of the Scheduling Order Regarding Producing Plaintiff's Expert Report, filed April 3, 2026. Doc. 67. Defendants filed a response. Doc. 76. Plaintiffs filed a reply. Doc. 83. Having reviewed the parties' briefing and the relevant law, the Court hereby GRANTS Plaintiffs' motion. Plaintiffs' expert disclosure deadline is extended to July 10, 2026. Defendants' expert disclosure deadline is extended to August 14, 2026. All other case management deadlines remain the same.

In the motion, Plaintiffs request that the Court extend the deadline for them to disclose their expert reports from April 3, 2026, to July 10, 2026. Doc. 60; Doc. 67 at 10. Defendants oppose the extension arguing that Plaintiffs have not shown "good cause" for extension of the scheduling order deadline under Rule 16(b)(4). Doc. 76 at 6–9. The Court finds that Plaintiffs have shown "good cause" to extend their expert disclosure deadline.

Under Rule 16(b)(4), a scheduling order deadline may only be changed for "good cause." FED. R. CIV. P. 16(b)(4). "[G]ood cause obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotation omitted). To demonstrate "good cause," the movant must show that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citation and quotation omitted). "[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citation omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

Plaintiffs' briefing focuses almost entirely on the legal standard for failing to disclose an expert witness under Rule 37(c)(1). *See generally* Docs. 67, 83. Rule 37(c) does not apply here. Under Rule 37(c)(1), if a party fails to disclose an expert report, "the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (listing factors for the Court to consider when deciding whether to exclude information under Rule 37(c)). Plaintiffs are not requesting that the Court accept an expert report that they previously failed to disclose. Particularly, the deadline to disclose Plaintiffs' experts was April 3, 2026, and they filed their motion the same day requesting to extend the scheduling order deadline. Thus, they did not fail to disclose their expert witness.

Nevertheless, Plaintiffs have shown "good cause" to extend the expert disclosure deadline. *See* FED. R. CIV. P. 16(b)(4).

Plaintiffs have been "generally diligent" in attempting to comply with the Court's expert disclosure deadline. *See Tesone*, 942 F.3d at 988. Plaintiffs disclosed their insurance expert in accordance with the April 3, 2026, deadline. Doc. 66. However, Plaintiffs explain that—due to factors largely outside of Plaintiffs' control—Plaintiff did not receive "comprehensive discovery from Defendants until March 2026." Doc. 67 at 6 (footnote omitted). This production gave Plaintiffs and their insurance expert roughly one month to review approximately 7,000 pages of documents and prepare a report. *Id.* at 5. Plaintiffs also explain that several depositions that "are critical and important" for their insurance expert's testimony have not taken place yet. *Id.* at 7. Without the relevant discovery responses, Plaintiffs were unable to take the necessary depositions. Doc. 83 at 7. Plaintiffs assert that their expert has "agreed to expedite his review of the recently produced discovery along with the deposition transcripts in order to provide a report by" July 10, 2026. *Id.* However, "[a]s a practical matter," Plaintiffs' expert "cannot possibly provide or produce an expert report until he has had a fair opportunity to review critical documents in this case." *Id.* Under these circumstances, there is good cause to extend the deadline for Plaintiffs' expert disclosures.

Defendants quibble with Plaintiffs' characterization of the timeline. Doc. 76 at 7–8. Defendants assert that they produced the entire claim file on February 6, 2026, and the claim file should have been enough for Plaintiff's expert to produce a report. *Id.* at 7. *But see Lazzerini v. Allegiant Air LLC*, No. CV-12-01738-PHX-SPL, 2014 WL 11514482, at *4 (D. Ariz. Apr. 16, 2014) ("[I]t is not in the Defendant's purview to determine what information the Plaintiff needs for an expert report."). Plaintiffs assert that their insurance expert "must be able to review written discovery, the operative UM claim file, and the depositions of the principals involved in the processing of the UM bodily injury exposure in order to formulate his/her opinions for trial."

Doc. 83 at 7. The Court believes that Plaintiffs' counsel and Plaintiffs' expert are in the better positions to decide what information is necessary for the expert to write their report. Thus, the Court defers to Plaintiffs' representation that they still do not have the information necessary for their expert to formulate a report.

Defendants also disagree that Plaintiffs have made diligent efforts to comply with the Court's deadlines. Defendants complain that Plaintiffs' counsel did not request the depositions that are allegedly necessary for the expert's report until March 10, 2026. Doc. 76 at 4. Then, it was not until April 2026 that Plaintiffs requested deposition dates. *Id.* However, Plaintiffs reasonably explain that they needed to receive Defendants discovery responses before taking the subject depositions. Doc. 83 at 7. Considering Defendants' delay in providing discovery responses, *see* Doc. 39, Plaintiffs waiting to discuss deposition scheduling until April 2026 was reasonable.

Plaintiffs' need for more time was arguably "foreseeable," but it is not Plaintiffs' "fault." *See Tesone*, 942 F.3d at 988. At a status conference on March 3, 2026, the Court extended Plaintiffs' deadline to provide expert disclosures to April 3, 2026. Defendants complain that "[a]t no time during this hearing did Mr. Bleus object to the April 3, 2026 deadline, nor did he indicate that he would require the depositions of Ms. Hollabaugh, Ms. Cassens, or Nationwide's 30(b)(6) designee(s) prior to disclosing his insurance bad faith expert." Doc. 76 at 4. While Defendants are correct that Plaintiff did not object to the April 3, 2026, deadline during the status conference, failure to do so does not prohibit Plaintiffs from requesting a timely extension later.

Refusing to extend the deadline "would create a substantial risk of unfairness to" Plaintiffs. *See Tesone*, 942 F.3d at 988. Plaintiffs' inability to meet the expert deadline is a direct result of Defendants' delay in providing discovery responses. It would be unfair to penalize

4

Plaintiffs when the bulk of the delay was not their fault. Furthermore, "federal courts have a strong policy of preferring cases to be decided on the merits, rather than on procedural issues." *MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, No. CIV-06-1345-M, 2010 WL 11519661, at *1 (W.D. Okla. Jan. 11, 2010) (citation omitted). Allowing Plaintiffs' expert time to craft a thorough report will allow this case to be ultimately tried on its full merits.

Defendants will not be significantly prejudiced by the deadline extension. *See Tesone*, 942 F.3d at 988. Defendants will be allowed another opportunity to supplement their expert disclosures in response to Plaintiffs' expert disclosures. Defendants will have ample time to review the report and mount a defense in response. This extension of time will not affect the parties March 1, 2027, trial date. *See* Doc. 61. The parties have not requested to extend any other case management deadlines.

Plaintiffs have shown "good cause" for an extension of their expert disclosure deadline. FED. R. CIV. P. 16(b)(4). Plaintiffs' expert disclosure deadline is extended to July 10, 2026. Defendants' expert disclosure deadline is extended to August 14, 2026. Plaintiffs' Motion for Extension/Modification of the Scheduling Order Regarding Producing Plaintiff's Expert Report (Doc. 67) is GRANTED.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

5